```
4
```

STEVEN S. ALTMAN (SB NO. 63824)
Law Offices of Steven Altman, PC
1127-12th Street, Suite 203
Modesto, CA 95354
Phone:(209) 521-7255
Fax: (209) 577-8390
email: altman@altmanattorney.com

Attorney for Trustee
Michael D. McGranahan

FILED
January 03, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003989373

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(Modesto, Division)

| | |
|---|---|
| In re | Case No: 11-91249 |
| LINDA SUE PATEMAN | DCNO: SSA-3 |
| | Date: January 25, 2012 |
| | Time: 10:30 A.M. |
| | Place: 1200 I. St. 2nd Fl. Modesto, CA |
| Debtor | |
| | Dept: E |
| | Judge: Ronald H. Sargis |

**TRUSTEE'S MOTION FOR SALE OF BANKRUPTCY
ESTATE'S INTEREST IN REAL PROPERTY
[11 U.S.C. SECTION 363(b)(1)]**

To: THE HONORABLE RONALD H. SARGIS, U.S. BANKRUPTCY JUDGE:

Trustee, Michael D. McGranahan, respectfully states the following pursuant to 11 U.S.C. Section 363 (b) (1) of the Bankruptcy Code, LBR 9014-1(f)(2) and BR 6004(h) and respectfully represents the following:

1. Debtor filed the subject Chapter 7 bankruptcy case on April 8, 2011 Thereafter Michael D. McGranahan became the duly appointed Trustee of the subject estate.

2. Among the assets which constitute this estate is debtor's interest in the property

**MOTION FOR SALE**

located as follows:

    Real Property located at 4545 Alder Creek Road, Saint Maries, Idaho, 83861 consisting of the following legal designation or description:

BLD-13

That part of the East Half of the West half of the Southwest Quarter of Section 27 lying South of the right-of-way of the County Road

and

That part of the East Half of the West Half of the Northwest Quarter of Section 34, Lying North of the South bank of Alder Creed, all in Township 45 North, Range 3 West of Boise Meridian, Beneway, Idaho.

(hereafter referenced as the "Idaho property" or the "property")

    3. The foregoing property is vacation/residential home property of the debtor. Presently unoccupied. The debtor owns a one-half interest in the subject property with her ex-husband Shawn M. Hannah, who consents to the sale referenced in this motion.[1]

    4. The Trustee has received an offer to the sell the estate's interest in the subject property referenced above to Randall W. Ohrt, a single man, for the principal sum of $190,000 (all cash). The subject offer is "**AS IS**" and "**WHERE IS**" and "**WITH ALL FAULTS**." The buyer will also be purchasing, as part of the sale price, the dishwasher, microwave, window coverings, wood stove, propane stove, oil stove and oil tank which is part of the composite sale. A copy of the sale agreement is filed with this motion and identified as Exhibit "1" (sale agreement) which also includes Trustee's Addendum.

    5. The proposed buyer has tendered to the Trustee an earnest money deposit of deposit of $1,000. In consideration of same, and subject to Court approval of the Bankruptcy Court, as well as <u>overbid</u>, the Trustee shall convey to buyer a Trustee's Deed.

    6. The buyer will be bearing some of the costs of sale, including closing fees (estimated to be $375) and recording fees (estimated to be $30). Seller will be bearing closing fees and recording fees as well. In addition, real property taxes (estimated to be approximately $1346) at time of closing will be deducted from seller's share at time of escrow closing. The parties contemplate the sale to conclude shortly after the hearing in this matter, assuming buyer

---

[1] The Trustee has been in communication with Mr. Hannah both by phone and email in this regard.

MOTION FOR SALE      2      3.27.11.MDM-PATEMAN-12.26.11.SSA-10:45 A.M.

Randall W. Ohrt, is the successful buyer in this matter. In addition to the foregoing, the Trustee will request that his retained and court appointed realtor/broker Debbie Stogsdill of St. Maries Realty in St. Maries, Idaho, be paid her standard agreed commission of five (5%) percent of the sale price. As such, that sum would be the following: $190,000 x 5%=$9,500. The sale is made pursuant to Bankruptcy Code § 363(b). From the sale proceeds, the first deed of trust in favor of GMAC in the approximate sum of $150,000 plus accrued interest will be paid in full.

7. The Trustee and his counsel have negotiated with the debtor, Linda Sue Pateman and her ex-husband, Shawn M. Hannah. The debtor has agreed to reduce her amended wildcard exemption claim from $12,600 to $6,000. Toward this end, she will or has filed an amended claim of exemption. Additionally, Mr. Hannah has also agreed to reduce his claim from the sale by a further amount of $5,000 and bear his share of costs of sale which will benefit the bankruptcy estate.

8. The Trustee requests, subject to Court approval, that any overbid be determined by the Court. The Trustee would request that any overbid be in increments of $1,000. As such, the next highest bid would be $191,000.

9. The Trustee contends, based upon his investigation and circumstances surrounding this case and discussion with his retained broker, that it is in the best interests of case administration and for creditors of this estate if the sale be approved. The Trustee is also requesting this Court waive the stay requirements set forth under BR 6004(h). The foregoing is to expeditiously close the sale and stop the accrual of interest to the first deed of trust holder: GMAC. This will increase the _net_ residual proceeds to the estate. The Trustee contemplates that residual proceeds available to the estate will be in the approximate amount in excess of $12,000.

In conjunction with the sale, the Trustee has submitted his declaration in support of sale. (See Declaration of Michael D. McGranahan).

**WHEREFORE the Trustee prays as follows:**

1. For authorization to sell the subject property interest referenced above under the terms and conditions herein;

2. For authority for the Trustee to execute any further documents necessary or convenient to consummate this transaction;

3. For overbid, if any, in increments of $1,000;

4. For authority to administer proceeds pursuant to the Trustee's duties on behalf of this estate;

5. For waiver of BR 6004(h);

6. For such other relief the court deems just.

Dated: 27 December 2011　　　　　　　　　Law Offices of Steven Altman, PC

By: _____
STEVEN S. ALTMAN
Attorney for Trustee
Michael D. McGranahan